T. Edward Cundick (#10451), tec@princeyeates.com
**PRINCE, YEATES & GELDZAHLER**
A Professional Corporation
15 West South Temple, Suite 1700
Salt Lake City, UT 84101
Telephone: (801) 524-1000
Facsimile: (801) 524-1098

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
Central Division

| | |
|---|---|
| In re:<br><br>**MOLONAI T. HOLA**<br>xxx-xx-1322<br><br>**AND**<br><br>**LINDSAY W. HOLA**<br>xxx-xx-3164<br>**2766 St. Mary's Way**<br>**Salt Lake City, Utah  84108**<br>          Debtors. | <br><br><br>Bankruptcy Case No. 11-34675 RKM<br><br>(Chapter 7)<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO APPROVE STIPULATION RESOLVING ADVERSARY PROCEEDING AND REQUEST FOR ENTRY OF JUDGMENT** |
| CDC, INC. dba CRAWFORD DOOR SALES, a Utah corporation<br><br>          Plaintiff,<br><br>v.<br><br>MOLONAI T. HOLA, an individual, and LINDSAY W. HOLA, an individual,<br><br>          Defendants. | <br><br>Adversary Proceeding No. 12-2011<br><br><br><br>[filed electronically] |

1

Contemporaneously herewith Plaintiff CDC, Inc. (**"CDC"**) has filed a Motion to Approve Stipulation Resolving Adversary Proceeding and Request for Entry of Judgment" (the **"Motion"**).  By the Motion, CDC seeks approval of the "Settlement Stipulation" (the **"Stipulation"** attached as Exhibit A to the Motion), and entry of the non-dischargeable judgment (attached as Exhibit B to the Motion).  In support of the Motion, CDC would show the Court as follows:

## Statement of Facts

1. On January 1, 2012, CDC filed a Complaint alleging under 11 U.S.C. § 523(a)(4) and (6) that defendant Molonai Hola (**"Mr. Hola"**) was personally liable for a non-dischargeable judgment in an amount not less than $181,882.00, and alternatively alleging under 11 U.S.C. § 727(a)(4) and (5) that the discharges of both Mr. Hola and defendant Lindsay Hola (**"Mrs. Hola"**) should be denied.

2. The substance of CDC's § 523 claims were and are believed to be meritorious, based on a fiduciary obligation imposed upon a general contractor by Utah law to properly handle and not misdirect funds owing for work performed by a subcontractor.

3. The recitals of the Stipulation set forth the reasoning for Mr. Hola's liability on CDC's § 523 claim, including the following:

a. At all relevant times prior to 2012, [Mr.] Hola was the majority owner and a director, president, and agent for Icon Consulting Group, Inc. (**"Icon"**).

b. In or about May 2010, Icon was awarded a contract for the replacement of a roll-up rubber door at the U.S. Army Contracting Agency/Dugway Proving Ground, Utah, a Federal facility (**"Dugway"**) (the **"Dugway Contract"**).

c. CDC completed the work provided for in the contract, and Dugway paid Icon for that work, but Icon used the Dugway Contract money to pay on non-Dugway-related contracts other than its contract with CDC, and Icon was unable to pay CDC.

d. Icon was subsequently unable to pay its debts, and ceased operation.

e. As a result of Icon's failure to remit payment to CDC, CDC suffered a loss of at least $181,882.00.

4. Additionally, Mr. Hola testified in a Rule 2004 examination that he had taken the Utah examination to qualify as a general contractor, he was aware of the obligation of a general contractor to use the funds it receives to pay subcontractors on the relevant project, and that the decision to use the Dugway Contract funds for other purposes was "solely, really, [his] decision." Hola 2004 Examination, December 8, 2011, at pages 50-51, and 133 (a copy of which is attached hereto as Exhibit A).

5. In the interest of expeditious resolution, the Parties have entered the Stipulation resolving the adversary proceeding, which Stipulation provides for payment of $20,000 (which funds have been tendered to CDC from non-estate sources), and entry of a non-dischargeable judgment against Mr. Hola in the amount of $60,000.

6. There are issues of fact, including Mr. and Mrs. Hola's intent in omitting certain relevant items from their schedules and statement of financial affairs, that would need to be established in order for any party to prevail on the pending § 727 action.

7. On November 17, 2011, the Trustee in this case filed a no-asset report, and though that report has since been withdrawn, it is not believed that the Trustee in this case intends to administer any assets in the case.

8. The Stipulation's focus is on resolution of the § 523 claims, as evidenced by the fact that Mrs. Hola (against whom only § 727 claims were asserted) will not be liable for the judgment to be entered; only Mr. Hola (against whom § 523 claims were asserted) will be liable.

9. Contemporaneously herewith, CDC will give notice of the hearing to approve the Stipulation to the Chapter 7 Trustee, the U.S. Trustee, and all parties appearing on the matrix of the main bankruptcy case.

## Legal Discussion

Fed. R. Bankr. P. 7041 requires that before an adversary proceeding involving claims under 11 U.S.C. § 727 is dismissed, certain parties must be given notice and an

4

opportunity to object to the dismissal. While the parties in this case intend that the adversary proceeding be resolved by entry of a non-dischargeable judgment, rather than simply dismissed, it seems prudent to follow the procedure set forth in Fed. R. Bankr. P. 7041. The Parties believe this settlement stipulation should be approved because it involves resolution of principally § 523 claims and only secondarily § 727 claims, the complexity, expense, inconvenience and delay occasioned by ongoing litigation can be avoided, deference should be given to consensual dispute resolutions, and all parties-in-interest will be afforded an opportunity to object.

Courts interpreting the requirements of Rule 7041 have varied in their opinions of whether a § 727 action can ever be settled in a way that would benefit only one creditor. *See generally Wm. Cameron and Co. v. Gresham (In re Gresham)*, 4:06-CV-008-A, 2006 WL 2924622 (N.D. Tex. Oct. 12, 2006), and cases cited therein. However, courts finding that such actions cannot be settled generally arise where no § 523 action has been pled, *see Pennwell Printing Co. v. Stout (In re Stout)*, 262 B.R. 862 (Bankr. D. Colo. 2001) ("A far more difficult question is presented to the court when it is asked to approve the compromise that resolves a creditor's adversary proceeding which includes claims for relief under both section 523 and section 727."), and more recent authority places the

matter within the discretion of the Court. *Bank One v. Kallstrom (In re Kallstrom)*, 298 B.R. 753, 757 (10th Cir. BAP 2003);[1] *Gresham*, 2006 WL 2924622.

In *Gresham*, the District Court in the Northern District of Texas set forth eight factors to be considered in determining whether a stipulation for dismissal should be approved. The following table summarizes those factors, and their application to the facts alleged above.

| | |
|---|---|
| Consideration of the strong policy in favor of consensual dispute resolution | This settlement stipulation was reached by consent, as evidenced by the signatures thereto |
| Potential success of the § 727 claim, though no showing of certain failure is required | The debtors would testify that they did not intend to mislead anybody in their statements and schedules, and that any omissions were mere oversights |
| The complexity, expense, inconvenience, and delay attendant in the litigation | Discovery and litigation to disprove a stated lack of intent is expensive and uncertain |
| Whether estate funds will be used in settlement | Non-estate funds have been used to satisfy the initial $20,000 payment, and will be used to satisfy all future payments contemplated by the Stipulation |
| Whether one creditor's recovery will come at the expense of other creditors | No other creditors have asserted any right to post-bankruptcy assets |
| Whether other creditors will benefit from the settlement by reduction of the claims against the estate | As this bankruptcy case will likely resolve as a no-asset case, neither benefit nor harm to other creditors is likely to arise by any dilution or withdrawal of claims in the case, proof of which has not been requested |

---

[1] Note that a footnote in *Kallstrom* suggests that Rule 9019 should apply to a motion such as this; however, Rule 9019, by its terms only permits a trustee to seek court approval of a settlement.

6

| Notice to other creditors and an opportunity to object and substitute | Notice given and presumably no objections will be asserted |
|---|---|
| Prima facie evidence of the merits of any § 523 claim | As set forth in the statement of facts above, CDC is confident it could succeed on its § 523 claims because a general contractor owes fiduciary duties to his subcontractors, and Hola knowingly and personally caused Icon to violate those duties, rendering him personally liable for a breach of fiduciary duty |

For these reasons, CDC believes that the factors to be considered dictate that the settlement stipulation should be approved, and a non-dischargeable judgment against Mr. Hola should be entered in the amount of $60,000, in complete and final resolution of the above-referenced adversary proceeding.

Wherefore, CDC requests approval of the Stipulation and entry of the judgment attached to the Motion as Exhibit B.

DATED this 17th day of September, 2012.

PRINCE YEATES & GELDZAHLER

/s/ T. Edward Cundick
T. Edward Cundick
Attorney for Plaintiff C D C, Inc. d/b/a
Crawford Door Sales

G:\TEC\Discrete Assignments\Hola\Mem Spt Of M To Approve Stip.Docx

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of September, 2012, I served the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO APPROVE STIPULATION RESOLVING ADVERSARY PROCEEDING AND REQUEST FOR ENTRY OF JUDGMENT** by depositing a true and correct copy thereof in the United States mail, postage prepaid, to the following:

Duane H. Gillman
DURHAM JONES & PINEGAR
111 East Broadway, Suite 900
Salt Lake City, UT 84110-4050

**United States Trustee**
Ken Garff Bldg.
405 South Main Street, Suite 300
Salt Lake City, UT 84111

W. Sean Mawhinney
MAWHINNEY LAW
200 West Civic Center Drive, Suite 300
Sandy, UT 84070

                                            /s/ Nancy D. Williams
                                           Nancy D. Williams

# EXHIBIT A

## SETTLEMENT STIPULATION

THIS SETTLEMENT STIPULATION (the "**Stipulation**") is entered into this _13_ day of September 2012, by and between CDC, Inc. dba Crawford Door Sales, a Utah Corporation ("**CDC**"), Molonai T. Hola ("**Hola**"), and Lindsey Hola ("**Mrs. Hola**"). The aforementioned shall be individually known as a "**Party**" and collectively the "**Parties.**"

### R E C I T A L S:

A. At all relevant times prior to 2012, Hola was the majority owner and a director, president, and agent for Icon Consulting Group, Inc. ("**Icon**").

B. In or about May 2010, Icon was awarded a contract for the replacement of a roll-up rubber door at the U.S. Army Contracting Agency/Dugway Proving Ground, Utah, a Federal facility ("**Dugway**") (the "**Dugway Contract**").

C. In or about July 2010, CDC, as subcontractor, entered into an agreement with Icon, as contractor, to provide materials and labor in connection with the design, construction, and installation of the rubber door referenced in the Dugway Contract.

D. CDC completed the work provided for in the contract, and Dugway paid Icon for that work, but Icon used the Dugway Contract money to pay on non-Dugway-related contracts other than its contract with CDC, and Icon was unable to pay CDC.

E. Icon was subsequently unable to pay its debts, and ceased operation.

F. As a result of Icon's failure to remit payment to CDC, CDC suffered a loss of at least $181,882.00.

G. CDC pursued a judgment against Hola and Icon in federal court, but prior to entry of a default judgment against Hola, Hola sought bankruptcy relief.

H.    Hola and Mrs. Hola filed a joint Chapter 7 bankruptcy petition on October 7, 2011.

I.    On January 9, 2012, CDC commenced an adversary proceeding against Hola and Mrs. Hola, seeking to except from discharge Hola's debt to CDC under 11 U.S.C. § 523, and seeking to deny the discharges of both Hola and Mrs. Hola under 11 U.S.C. § 727.

J.    The Parties believe that due to the uncertainties and expense of litigation, the adversary proceeding should be settled.

## AGREEMENT

Based upon the foregoing Recitals, in consideration of the obligations and conditions set forth herein, and for good and valuable other consideration, the receipt and sufficiency of which are hereby acknowledged, the parties stipulate as follows:

1.    <u>Court Approval</u>: CDC shall, as soon as reasonably possible after execution of this Stipulation, pursuant to Fed. R. Bankr. P. 7041, request Court approval to resolve the adversary proceeding by settlement as set forth herein.

2.    <u>Payment</u>:

    a.  Hola agrees to deliver $20,000.00 to CDC contemporaneously with the execution of this Stipulation (the "**$20,000 Initial Payment**").

    b.  Hola agrees to use best efforts pay an additional $60,000.00 to CDC by the date that is two years after the execution of this Stipulation (the "**Second Due Date**").

3.    <u>Entry of Judgment</u>:  Hola consents to entry of a non-dischargeable judgment in the amount of $60,000.00 (the "**Judgment**").  The amount of the Judgment shall be reduced by any payments made pursuant to paragraph 2.b. above (leaving the "**Judgment Outstanding**

2

**Balance**"), and shall bear interest on the Judgment Outstanding Balance from entry at the rate of 5% per annum, regardless of any higher or lower statutory or common law rate. Any payments made pursuant to paragraph 2.b. shall be applied first to interest and then to principal.

4. <u>Collection Efforts</u>: CDC agrees that until the Second Due Date, CDC and any subsequent holder of the Judgment shall make no effort to collect said Judgment, other than to accept payments tendered pursuant to paragraph 2.b. above, and to make reasonable inquiry into the status or prospect of payments. After the Second Due Date, the holder of the Judgment may use any means allowed by law to collect said Judgment.

5. <u>Resolution of the Adversary Proceeding</u>: Entry of the Judgment and payment of the $20,000.00 Initial Payment shall completely resolve the adversary proceeding.

6. <u>Default</u>: If any instrument used as payment is returned for insufficient funds, Hola shall deliver a cashier's check or other certified funds for the amount of the failed payment within 72 hours of notice, for the full amount of the payment plus an additional $50.00. Failure to do so shall authorize CDC to immediately commence collection efforts on the Judgment despite the provisions of paragraph 4.

7. <u>Notices</u>: Notices and payments (made payable to Prince, Yeates & Geldzahler) hereunder shall be delivered as follows:

    a. If to CDC: Prince, Yeates & Geldzahler, attn. T. Edward Cundick, 15 West South Temple Street, Suite 1700, Salt Lake City, UT 84101.

    b. If to Hola: Molonai Hola, 2766 St. Marys Way, Salt Lake City, UT 84108; with a copy to R. Collin Mangrum, 2133 California St., Omaha, NE 68178.

3

8. <u>Claim Release</u>: In exchange for receipt of $20,000 and the Judgment, CDC fully releases all claims raised in the adversary proceeding, including any claims it has raised under either 11 U.S.C. § 523 or §727, except for its claim to share, under the priority scheme of the Bankruptcy Code, in any distributions from the estate. CDC will reduce but not release any claim for damages it may file in Hola's bankruptcy case by $20,000.00.

9. <u>Release by Hola and Mrs. Hola</u>: By entering this Stipulation, Hola and Mrs. Hola release CDC from any and all liability other than as might arise under this Stipulation, whether known or unknown.

10. <u>Representations and Warranties</u>: Each Party represents and warrants to the others that he has the requisite authority to enter into this Stipulation and effectuate the settlement set forth herein.

11. <u>Entire Agreement</u>: The terms and conditions of this Stipulation constitute the complete, final, and entire agreement and understanding between the parties concerning the subject matter of this Stipulation.

12. <u>Miscellaneous</u>: This Stipulation shall be governed by and construed in accordance with the laws of the State of Utah. Jurisdiction and venue to enforce the same are appropriate only in the U. S. Bankruptcy Court, District of Utah, Central Division. The Bankruptcy Court shall maintain jurisdiction to interpret and enforce the terms of this Stipulation. Time is of the essence with respect to all dates and deadlines herein. This Stipulation may be executed in counterparts, which together shall constitute a fully executed original. Facsimile or .pdf versions shall be deemed to be the same as originals.

13. <u>Termination</u>: As set forth herein, CDC intends to seek court approval of this Stipulation. Until such approval is obtained, all funds received by CDC from Hola shall be held in the trust account of Prince, Yeates & Geldzahler. In the event that Hola fails to deliver the entire $20,000 Initial Payment, or a final order is entered disapproving this Stipulation: (a) this Stipulation other than this paragraph 12 shall automatically terminate and be of no further force or effect; (b) CDC's counsel shall hold for 90 days all money received pursuant to this Stipulation, and apply such funds to any subsequent settlement agreement entered between the Parties (and in the absence of a subsequent agreement, CDC shall return the money received pursuant to this Stipulation); (c) under Federal Rule of Evidence 408, nothing in this Stipulation may be admissible to prove any contested fact; (d) the adversary proceeding shall be reinstated as if it had proceeded in due course and this Stipulation had not been executed; (e) all Parties waive any statute of limitations, laches, or time-based defenses arising from the passage of time from the commencement of the adversary proceeding until 30 days after entry of an order disapproving this Stipulation; and (f) no Party to this Stipulation shall bear any liability to any other Party occasioned by the failure or termination of this Stipulation.

DATED this 10th day of ~~August~~ September, 2012.

_[signature]_
CDC, Inc. dba Crawford Door Sales
By: Gregory D. Schultz
Its: President

_[signature]_  
Molonai T. Hola

_[signature]_  
Lindsey Hola

G:\TEC\Discrete assignments\Hola\settlement agreement.9-6-12.docx

5

# EXHIBIT B

T. Edward Cundick (#10451), tec@princeyeates.com
**PRINCE, YEATES & GELDZAHLER**
A Professional Corporation
15 West South Temple, Suite 1700
Salt Lake City, UT 84101
Telephone: (801) 524-1000
Facsimile: (801) 524-1098

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
Central Division

| | |
|---|---|
| In re:<br>**MOLONAI T. HOLA**<br>xxx-xx-1322<br>**AND**<br>**LINDSAY W. HOLA**<br>xxx-xx-3164<br>2766 St. Mary's Way<br>Salt Lake City, Utah  84108<br><br>Debtors. | Bankruptcy Case No. 11-34675 RKM<br><br>(Chapter 7)<br><br>**NON-DISCHARGEABLE JUDGMENT** |
| CDC, INC. d/b/a CRAWFORD DOOR SALES, a Utah corporation<br><br>Plaintiff,<br>v.<br><br>MOLONAI T. HOLA, an individual, and LINDSAY W. HOLA, an individual,<br><br>Defendants. | Adversary Proceeding No. 12-2011<br><br><br>[filed electronically] |

1

Pursuant to that certain Settlement Stipulation entered by the parties to this adversary proceeding and approved by the Court contemporaneously herewith, a non-dischargeable JUDGMENT is hereby entered in favor of CDC, Inc. d/b/a Crawford Door Sales, against Molonai T. Hola, in the principal amount of $60,000.00. This Judgment shall bear post-judgment interest at the rate of 5% per annum, commencing from the date of entry.

*** End of Judgment ***

G:\TEC\Discrete Assignments\Hola\Nondischbl Judgment.Docx